# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**DAVID RAFAEL ANDERSON, SR.**                    **CIVIL ACTION**

**VERSUS**                                         **NO. 09-3700**

**ERIC HOLDER, ATTORNEY GENERAL**                  **SECTION: "J"(1)**
**OF THE UNITED STATES OF AMERICA**

## REPORT AND RECOMMENDATION

Plaintiff, David Rafael Anderson, Sr., filed this *pro se* and *in forma pauperis* complaint against United States Attorney General Eric Holder. In this lawsuit, plaintiff seeks to challenge the denial of his application for a certificate of citizenship.

Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

More than thirty days ago, mail from this Court addressed to plaintiff at his address of record was returned by the United States Postal Service as undeliverable on September 3, 2009.[1] Because plaintiff has failed to meet his obligation to keep the Court apprised of his current address, the Court has no way to advance this case on the docket.

---

[1] Rec. Doc. 9. The envelope had been stamped: "Return to Sender ... Not Here at Port Isabel Detention." A subsequent mailing has also been returned for that same reason. Rec. Doc. 11.

In light of the foregoing, it is appropriate to dismiss this action for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or an order of the court. Fed.R.Civ.P. 41(b). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail sent to plaintiff has been returned as undeliverable, and he has failed to provide the Court with his current address. Due solely to plaintiff's failure, this Court has no way to contact him, schedule a conference in this matter, or otherwise advance his case on the docket.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of October, 2009.

								_____
								**SALLY SHUSHAN**
								**UNITED STATES MAGISTRATE JUDGE**